IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW, | No. 2:08-cv-0291-SPK |
| Plaintiff, | |
| v. | |
| SGT. WHITSON, ET AL. | |
| Defendants. | |

## ORDER TO SHOW CAUSE

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C § 1983 and has requested leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the U.S. Court's PACER system indicates that Plaintiff Carlos Gilbert Law (F-29888) has brought two prior civil actions in the past in the Eastern

1

District of California while incarcerated seeking relief under section 1983.[1]  The two prior actions in the Eastern District of California were dismissed as vexatious or for failure to state a claim (or both).  It also appears that Plaintiff "Carlos Gilbert Law" has had at least two other prisoner complaints brought while incarcerated in Alabama that were dismissed as frivolous while proceeding IFP in the United States District Court for the Southern District of Alabama.[2]

It thus appears that Plaintiff "Carlos Gilbert Law" has had at least 4 prior civil actions brought under the IFP statute that were dismissed as frivolous or for failure to state a claim.  It is not entirely clear whether the "Carlos Gilbert Law" who brought the prior claims in Alabama is the same individual that is currently incarcerated in California.  (The Court will proceed with such inquiry, and this order is a part of such investigation.  If the same individual is at issue, then section 1915(g) applies.)  The Prison Litigation Reform Act does "not require prisoners to declare that § 1915(g) does not bar their request to proceed IFP." Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005).  However, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When so doing a court must "conduct a careful evaluation of the [prior] order dismissing an action, and other relevant information," before determining that a prior action "was dismissed because it was frivolous, malicious or failed to

---

[1] Law v. Benitez, No. 06cv01061OWW (Judgment entered 12/15/06); and Law v. Green, No. 07cv01071LJO (Judgment entered 10/22/2007).

[2] The PACER system reflects the following cases:  Carlos Gilbert Law v. Stucky et al., 94-cv-00183-RV (S.D. Ala.) (dismissed as frivolous on March 24, 1994); Carlos Gilbert Law v. Little, 94-cv-00635-BH (S.D. Ala.) (dismissed as frivolous on Sept. 20, 1994); Carlos Gilbert Law v. Mobile County Jail, 98-cv-00646-AH (S.D. Ala.) (dismissed on Oct. 6, 1998); and Carlos Gilbert Law v. Tillman, 98-cv-00781 (S.D. Ala.) (dismissed on Jan. 31, 2001) (appeal found frivolous on June 18, 2001).

1  state a claim," since "not all unsuccessful cases qualify as a strike under §
2  1915(g)." Id. at 1121.
3  The Court has conducted such a review and, applying those principles here,
4  because it appears that section 1915(g) would bar this action without payment of
5  the filing fee, Plaintiff is ordered to SHOW CAUSE why his application for leave
6  to proceed IFP should not be denied.[3] See id. at 1120 ("once a prisoner has been
7  placed on notice of the potential disqualification under § 1915(g) by either the
8  district court or the defendant, the prisoner bears the ultimate burden of persuading
9  the court that § 1915(g) does not preclude IFP status."). (If Plaintiff denies being
10 the individual who brought the actions in Alabama and on that basis IFP is granted,
11 and if it is later determined that the same "Carlos Gilbert Law" brought all the
12 actions, this action will then be dismissed as malicious.)
13 Plaintiff shall have **45 days** within which to demonstrate such cause, or
14 within which to voluntarily dismiss. If he does not, the application to proceed IFP
15 will be denied and Plaintiff will be given a period of time within which to pay the
16 requisite filing fee.
17 IT IS SO ORDERED.
18 DATED: February 20, 2009.



_____
Samuel P. King
Senior United States District Judge

---

[3] The current complaint, although not yet fully screened under 28 U.S.C. § 1915A, does not demonstrate "imminent danger of serious physical injury."

3