IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GILBERT LAW, | ) | No. 2:08-cv-0291-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| SGT. WHITSON, ET AL. | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING FIRST AMENDED COMPLAINT

Plaintiff Carlos Gilbert Law is a state prisoner proceeding pro se seeking relief against employees of a government entity regarding prison conditions. The court is required to screen complaints brought by prisoners seeking such relief. *See* 28 U.S.C. § 1915A(a). (The Court previously granted Plaintiff's Application for Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a), but indicated that the necessary screening was yet to be completed.) Upon such screening, the Court now concludes that the First Amended Complaint fails to state a claim. The Complaint is dismissed with 30-days leave to file a further amended complaint.

I.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant

1

who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a).  Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain factual allegations sufficient to rise above the "speculative level," *id.*, or the merely possible or conceivable.  *Id.* at 557, 570.  That is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has "facial plausibility" when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  *Id.*

Although a reviewing court must accept the allegations in a complaint as true, this does not apply to legal conclusions:  "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A court is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Id.* at 1950.  Moreover, determining whether a complaint states a plausible claim for relief is "context-specific" – the well pleaded facts must permit the court "to infer more than the mere possibility of misconduct."  *Id.*  A court must only assume the veracity of well pleaded allegations before determining

whether they plausibly state a claim to relief. *Id.*

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.*

## II.

To state a claim under 42 U.S.C. § 1983, Plaintiff "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Construed broadly, Plaintiff here is making allegations of an Eighth Amendment violation for failure to provide adequate medical treatment. A claim for inadequate medical care by prison officials only gives rise to an Eighth Amendment claim under § 1983 if Plaintiff shows Defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires well-pleaded allegations of (1) a "serious medical need" such that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's medical need and harm caused by the

indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Id.* Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. Neither negligence nor gross negligence will constitute deliberate indifference. *See, e.g.*, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Id.* (citing *Estelle*, 429 U.S. at 105-06). Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

## III.

Applying these standards, the Court concludes that Plaintiff's complaint fails to state a claim. Plaintiff's First Amended Complaint alleges that he was raped by another inmate and forced to perform oral sex. He alleges he told Defendants his rectum was sore and was bleeding. He alleged Defendants refused to seek medical treatment for him and "refused to do a rape kit," thereby violating the Prison Rape Elimination Act of 2003. While an allegation of a prison rape is serious in and of itself, here there are no other factual allegations about his medical needs or any facts constituting "deliberate indifference." There are no factual allegations about any of the circumstances whereby a prison official intentionally denied, delayed, or interfered with medical treatment for a serious medical need. *Jett*, 439 F.3d at

1 1096.  There are no allegations that a refusal to treat resulted in significant injury
2 or the unnecessary and wanton infliction of pain, nor facts indicating any
3 Defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096; *Farmer*,
4 511 U.S. at 837.

5 Rather, the operative complaint provides "mere labels and conclusions,"
6 which "will not do." *Twombly*, 550 U.S. at 555.  The complaint does show "a
7 possibility that someone acted unlawfully," but this is not enough.  *Iqbal*, 129 S.
8 Ct. at 1949.  There must be factual allegations sufficient to rise above the
9 "speculative level"or the "merely possible or conceivable." *Twombly*, 550 U.S. at
10 557, 570.  That is, the complaint must contain "enough facts to state a claim to
11 relief that is plausible on its face." *Id.* at 570.  Again, a complaint that pleads facts
12 that are merely consistent with liability stops short of the line between possibility
13 and plausibility. *Iqbal,* 129 S. Ct. at 1949.  Even assuming there was a "serious
14 medical need," the operative complaint alleges no facts that any deprivation of
15 medical care caused any further specific injury to Plaintiff.  *See Shapley v. Nevada*
16 *Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can
17 make "no claim for deliberate medical indifference unless the denial was
18 harmful.").

19 Moreover, 42 U.S.C. § 1983 requires a connection or "link" between the
20 alleged actions of named defendants and the deprivation of the protected right.  *See*
21 *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362
22 (1976).  "A person 'subjects' another to the deprivation of a constitutional right,
23 within the meaning of section 1983, if [that person] does an affirmative act,
24 participates in another's affirmative acts or omits to perform an act which he is
25 legally required to do that causes the deprivation of which complaint is made."
26 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The federal rules of pleading

require enough specificity to enable a Defendant to have notice of the claim. *See* Fed. R. Civ. P. 8. Vague allegations of general deprivations, without more, are insufficient. *See, e.g.*, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Here, there are no allegations as to any particular role any individual Defendant had in the alleged deliberate indifference. There is no indication of who the Defendants are, or what their duties were in treating or obtaining medical treatment, or what they did or did not do as to Defendant.

The First Amended Complaint invokes the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, as a basis for relief. It is clear, however, that the Prison Rape Elimination Act does not create a private right of action. *Bell v. County of Los Angeles*, 2008 WL 4375768 (C.D. Cal. 2008); *Inscoe v. Yates*. 2009 WL 3617810 (E.D. Cal. 2009). Rather, the Prison Rape Elimination Act was enacted to study the problem of prison rape. *Pirtle v. Hickman*, 2005 WL 3359731 (D. Idaho 2005). Nothing in the Act suggests that it created a private right of action, enforceable under section 1983. *See Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously imposed a binding obligation on the States" by using "mandatory, rather than precatory, terms"). The Act in itself contains no private right of action, nor does it create a right enforceable under Section 1983. Plaintiff thus fails to state a federal section 1983 claim based on a violation of the Prison Rape Elimination Act.

## IV.

Accordingly, the First Amended Complaint is DISMISSED. The Dismissal, however, is without prejudice. Plaintiff is granted ***30 days*** leave to amend to attempt to state a claim with facts as required under *Twombly* and *Iqbal*. Plaintiff, however, may not change the nature of the suit by adding new, unrelated claims in

6

a new amended complaint. Further, Plaintiff is notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). If no further amended complaint is filed within 30 days, the action will be closed and judgment entered against Plaintiff.

IT IS SO ORDERED.

DATED: December 14, 2009.



_____
Samuel P. King
Senior United States District Judge

7