IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GILBERT LAW, | ) | No. 2:08-cv-00291-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| DR. NORIEGA, AND RN LAMBERT, | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER SCREENING SECOND AMENDED COMPLAINT,
GRANTING PLAINTIFF'S MOTION TO DISMISS WHITSON [50],
AND AUTHORIZING SERVICE OF SECOND AMENDED COMPLAINT

Plaintiff Carlos Gilbert Law is a state prisoner proceeding pro se seeking relief against employees of a government entity regarding "prison conditions." This order is made pursuant to 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c), under which the court screens complaints brought by prisoners seeking such relief.

The Court previously screened Plaintiff's prior amended complaint. On December 15, 2009, the Court dismissed the prior amended complaint, primarily indicating that no claim was stated under the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, and that the amended complaint contained insufficient factual allegations of an Eighth Amendment violation. The Court, however, granted Plaintiff leave to filed another (second) amended complaint to attempt to cure pleading deficiencies. Plaintiff filed a Second Amended Complaint on December

1

30, 2009 [doc. 49]. This order screens that Second Amended Complaint.[1]

I.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to

---

[1] The Court notes that Plaintiff was granted leave to proceed in forma pauperis (IFP) on March 17, 2009 [doc. 45]. That prior grant of IFP status remains in effect. The Court had granted IFP status after reviewing Plaintiff's IFP application under 28 U.S.C. § 1915. The Court noted that Plaintiff has had two prior confirmed civil actions dismissed as frivolous or for failure to state a claim in the Eastern District of California, and that a prisoner named "Carlos Gilbert Law" has had at least two actions similarly dismissed in the 1990's in a federal court in Alabama. (*See* Court's Order of February 20, 2009 [doc. 42], at note 2.) If a prisoner has had 3 or more such actions dismissed, the prisoner may not proceed on an IFP basis, absent "imminent danger." 28 U.S.C. § 1915(g). The Court allowed this action to proceed on an IFP basis after Plaintiff denied under penalty of perjury that he is the same person who had filed all the identified actions in federal court in Alabama [doc. 43]. In granting IFP status, the Court stated that if it is later determined that the same "Carlos Gilbert Law" brought all the identified actions, then this action will be dismissed as malicious [doc. 42].

2

rise above the "speculative level," *id.*, or the merely possible or conceivable. *Id.* at 557, 570. That is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has "facial plausibility" when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

## II.

To state a claim under 42 U.S.C. § 1983, Plaintiff "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff here is apparently making allegations of an Eighth Amendment violation for failure to provide adequate medical treatment. A claim for inadequate medical care against prison officials only gives rise to an Eighth Amendment violation under § 1983 if Plaintiff shows Defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires well-pleaded allegations of (1) a "serious medical need" such that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Id.* To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he or she must also draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference in the medical context may be shown by a purposeful

act or failure to respond to a prisoner's medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Id.* Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.

### III.

Applying these standards, the Court concludes that Plaintiff's Second Amended Complaint states a claim, at least for purposes of screening under 28 U.S.C. § 1915A. Plaintiff's First Amended Complaint alleges:

> During the month of Dec. 2007 at CSP-Solano in building 10[,] I was seen by Dr. Noriega and RN Lambert regarding my rape injuries. Dr. Noriega and RN Lambert took no action to stop the bleeding and refuse[d] to treat inmate Law['s] rape injuries. As a result inmate Law['s] rectum continue[d] to bleed and was in pain. Dr. Noriega and RN Lambert intentionally denied inmate Law medical treatement regarding his rape injuries.

The Second Amended Complaint, taken as true for purposes of this screening, alleges sufficient facts to state a claim that is plausible on its face. It alleges facts indicating deliberate indifference to Plaintiff's serious medical needs. *See, e.g.*, *Jett*, 439 F.3d at 1096 (indicating a claim is stated where "a prison official intentionally denied, delayed, or interfered with medical treatment for a serious medical need."). The allegations make a plausible claim that a refusal to treat resulted in "unnecessary and wanton infliction of pain." The factual statement alleges, at least inferentially, that Defendants Noriega and Lambert are prison medical officials that had some connection or "link" between the alleged

4

actions and the deprivation of the protected right. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

IV.

The Second Amended Complaint names "Sgt. Whitson" as a Defendant, in addition to "Dr. Noriega" and "RN Lambert." The naming of Defendant Whitson, however, is apparently based upon allegations in prior versions of the complaint. Concurrent with the filing of the Second Amended Complaint, Plaintiff also filed a "Motion to Dismiss Sgt. Whitson" [doc. 50], which the Court construes as being brought under Fed. R. Civ. P. 41(a)(1). So construed, the Motion [doc. 50] is GRANTED. Defendant Whitson is DISMISSED. The action shall proceed, if at all, with the caption as in this order, which names "Dr. Noriega" and "RN Lambert" as Defendants.

V.

Because the Second Amended Complaint passes the necessary screening, the Court authorizes Plaintiff to proceed with the attempting of service of process. Accordingly,

(1) The Clerk of the Court shall send Plaintiff a copy of this order, two USM-285 forms, a summons, an instruction sheet, and a copy of the Second Amended Complaint filed on December 30, 2009.

(2) Within 30 days from the date of this order, Plaintiff shall complete the following requirements for service of the current complaint:

(a) properly complete and sign the attached Notice of Submission of Documents form,

(b) properly complete the summons form;

(c) properly complete a USM-285 form for each Defendant listed above (Noriega and Lambert); and

(c) submit four copies of the complaint filed on December 30, 2009; and

(d) provide the completed forms and copies of the complaint to the Clerk of Court.

(4) Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of all the documents listed above in section (3), the Court will issue an order directing the Clerk to forward the completed forms to the United States Marshal to serve the named Defendants pursuant to Fed. R. Civ. P. 4, without payment of costs.

(5) Plaintiff's failure to comply with this order within 30 days may result in dismissal of the action.

IT IS SO ORDERED.

DATED: February 23, 2010.



_____
Samuel P. King
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS G. LAW,                      ) No. 2:08-cv-00291-SPK
                                    )
        Plaintiff,                  )
                                    )
  v.                                )
                                    )
DR. NORIEGA, and RN LAMBERT,        )
                                    )
        Defendants.                 )
_____     )

## NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed February 23, 2010:

    \_\_\_\_\_    completed summons form

    \_\_\_\_\_    completed USM-285 forms

    \_\_\_\_\_    copies of the complaint

DATED: _____

                                    _____
                                    Plaintiff

1