IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GILBERT LAW,

      Plaintiff,                    No. CIV S-08-0291 JAM EFB P

     vs.

WHITSON, et al.,

      Defendants.        ORDER

_____/

     Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 10, 2010, defendants filed a motion to revoke plaintiff's *in forma pauperis* ("ifp") status and to dismiss. On November 19, 2010, defendants re-served the motion on plaintiff, and on January 7, 2011, the court ordered plaintiff to file an opposition or a statement of no opposition to the motion. Plaintiff has not responded, but has filed several notices of a change of address. In an abundance of caution, the court will provide plaintiff with one final opportunity to respond to defendants' motion.

     As plaintiff has been informed, in cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3)

1

days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that, within twenty-one days of the date of this order, plaintiff shall file either an opposition to defendants' motion or a statement of no opposition. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE