IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GILBERT LAW,

      Plaintiff,                    No. CIV S-08-0291 JAM EFB P

   vs.

NORIEGA, et al.,

      Defendants.          ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  He initiated this action by filing a declaration on February 6, 2008, followed by a complaint on February 7, 2008.  Dckt. Nos. 1, 4.  In these filings, plaintiff alleged that prison officials at California State Prison, Solano failed to protect him from being sexually assaulted by another inmate from October through November of 2007.  *See id.*  Plaintiff subsequently amended his complaint, alleging that in December of 2007, defendants Noriega and Lambert ("defendants") denied him medical care for the injuries he suffered as a result of the sexual assaults.  Dckt. No. 30.  Thereafter, plaintiff filed a second amended complaint, on which this action now proceeds, alleging that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  Dckt. Nos. 49, 51.

////

Defendants move to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and dismiss this action. Dckt. Nos. 69, 70. Plaintiff filed an opposition, and defendants filed a reply.[1] Dckt. Nos. 80, 81. For the following reasons, the court recommends that defendants' motion be denied.

Defendants request that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not claim he is under imminent danger of immediate physical injury. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants point to four orders of dismissal that they contend count as strikes under 28 U.S.C. § 1915(g).[2] Dckt. Nos. 69-70. Two of the actions relied on by defendants were filed in Alabama; the other two were filed in this district. *See id.* In his opposition, plaintiff denies he is the same person who filed the Alabama actions. Dckt No. 80. Plaintiff also claims to have satisfied the "imminent danger" exception to § 1915(g). *Id.* Plaintiff claims he satisfies the imminent danger exception because in alleging that defendants denied him medical care

---

[1] Thereafter, plaintiff filed a "Second Opposition to the Motion to Dismiss," which is substantially similar to plaintiff's first opposition. Dckt. No. 82. Defendants move to strike this filing as unauthorized. Dckt. No. 83. Because plaintiff's filing is neither contemplated by the Federal Rules of Civil Procedure nor the Local Rules, it will be disregarded.

[2] The court hereby takes judicial notice of the court records submitted with defendants' motion to dismiss. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

following the two months of sexual assaults, he also informed the court that his rectum was bleeding and would not stop bleeding. *Id.* Defendants do not directly address this contention in their reply, responding only that plaintiff has "failed to set forth any facts showing he was in imminent danger or serious physical injury at the time the complaint was filed." Dckt. No. 81.

Pursuant to § 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Id.* at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.* As discussed below, defendants fail to carry their burden of producing evidence allowing the court to conclude that plaintiff has suffered three strikes.

The first order defendants contend counts as a strike for purposes of § 1915(g) is an October 25, 1994 order of the United States District Court for the Southern District of Alabama, Southern Division. Dckt. No. 69 at 3; Dckt. No. 70, Ex. B. The two sentence order states that plaintiff Carlos Law's claims against defendant "C/O Little," are dismissed as frivolous. *Id.* As noted, a plaintiff suffers a strike when an "action or appeal," brought by that plaintiff while "incarcerated or detained," is dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Defendants' evidence does not allow the court to conclude that the plaintiff in this Alabama action was "incarcerated or detained" when he filed the action, nor does it allow the court to conclude that the "action," as opposed to just those claims against defendant Little,

was dismissed as frivolous. Therefore, defendants have failed to demonstrate that the October 25, 1994 order qualifies as a strike for purposes of § 1915(g), and the court need not address the parties' dispute regarding whether the action was or was not filed by plaintiff.

The second order defendants contend counts as a strike for purposes of § 1915(g) is a June 15, 2001 order of the Court of Appeals for the Eleventh Circuit. Dckt. No. 69 at 3; Dckt. No. 70, Ex. C. In support of this argument, defendants produce only the first page of a June 15, 2001 order of the Court of Appeals for the Eleventh Circuit, as well as a January 8, 2001 Report and Recommendation issued by a magistrate judge in the United States District Court for the Southern District of Alabama. Dckt. No. 70, Ex. C. It is not apparent from the documents what relationship, if any, the appellate action has to the district court action. The order of the appellate court lists the "Plaintiff-Appellant" as "In Re: Law v. Mobile County." *Id.* It states the appeal is from an order of the United States District Court for the Southern District of Alabama, and that the district court certified that the appeal was frivolous and not taken in good faith. *Id.* The court cannot determine whether this order actually dismissed the appeal as frivolous, nor can it determine whether the appeal was filed while the plaintiff was incarcerated. The January 8, 2001 Report and Recommendation, which recommended that the defendants' motion for summary judgment be granted in an action filed by "Carlos Gilbert Law," does not assist the court. *See id.* Therefore, defendants have failed to demonstrate that the June 15, 2001 order qualifies as a strike for purposes of § 1915(g), and the court need not address the parties' dispute regarding whether the appeal was or was not filed by plaintiff.

Because defendants have not demonstrated that the first two of the four orders they rely on count as strikes, they have not demonstrated that plaintiff has three strikes pursuant to § 1915(g). The court need not decide whether the remaining two orders produced by defendants qualify as strikes. *See* Dckt. No. 70, Exs. D, E.

////

////

Accordingly, IT IS HEREBY ORDERED that the Clerk terminate docket entry number 83.

Further, IT IS HEREBY RECOMMENDED that defendants' November 10, 2010 motion to revoke plaintiff's in forma pauperis status and dismiss this action, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE