IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GILBERT LAW,

        Plaintiff,                       No. 2:08-cv-0291 JAM EFB P

    vs.

NORIEGA, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges that defendants Noriega and Lambert ("defendants") violated his Eighth Amendment rights in December 2007, by denying him medical treatment for injuries he suffered as a result of sexual assaults while incarcerated at California State Prison-Solano (CSP-Solano). Defendants move to dismiss this action for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). Dckt. No. 106. Plaintiff opposes defendants' motion, Dckt. Nos. 108-110, and defendants have filed a reply, Dckt. No. 116. For the following reasons, the court recommends that defendants' motion be granted.

////

////

1

## I.    Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

////

2

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed issues of fact the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Because care must be taken not to resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint. *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Defendants bear the burden of proving plaintiff's failure to exhaust. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On March 18, 2010, the court informed plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

## II. Discussion

Defendants contend that plaintiff failed to exhaust his administrative remedies because there is no record that plaintiff submitted any administrative appeal at CSP-Solano concerning the denial of medical treatment for his sexual assault injuries in December 2007. In support of their motion, defendants submit: 1) the declaration of S. Cervantes, Appeals Coordinator at CSP-Solano ("Cervantes Decl."); 2) the declaration of D. Foston, Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation (CDCR) ("Foston Decl."); and 3) the declaration of L. Zamora, Chief of the Office of Third Level Appeals-Health Care for CDCR.

Cervantes states that he maintains records of all logged appeals filed by prison inmates housed at CSP-Solano. Cervantes Decl. ¶ 2. He states that a thorough search of appeals records shows that plaintiff did not submit any appeal relating to the claims raised in this lawsuit. *Id.* ¶ 6. The Cervantes Declaration shows that plaintiff filed only two appeals that were accepted for review between December 2007 and December 2009. *Id.* ¶ 4, 5, 7, Ex. C. Cervantes submits copies of those two appeals, neither of which relates to the claims in this case. *See id.*, Ex. A (appeal No. 07-2471 regarding change in mental health status); Ex. B (appeal No. 08-0124 requesting a transfer to another institution).

Foston and Zamora each declare that they are able to verify the status of an inmate's third-level administrative appeal if it was accepted for review. Foston Decl. ¶ 5; Zamora Decl. ¶ 3. They state that a thorough search of their records shows that plaintiff did not file any appeal that was accepted for review at the third level between December 2007 and December 2011. Foston Decl. ¶ 6, Ex. D; Zamora Decl. ¶ 5, Ex. E.

Through their motion, defendants show that plaintiff never filed an administrative appeal at CSP-Solano regarding the claims raised in this lawsuit. They also show that plaintiff never filed an appeal that was accepted for review at the third level. The court finds that defendants meet their initial burden of showing that pertinent administrative relief remained available to plaintiff when he commenced this lawsuit. *See Brown*, 422 F.3d at 936-37.

In opposition, plaintiff appears to argue that he should be excused from the exhaustion requirement because administrative relief was not available. *See* Dckt. Nos. 108-110. The Court of Appeals for the Ninth Circuit has held that an inmate's failure to exhaust under the PLRA may be excused where "circumstances render administrative remedies effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). In *Nunez*, the court held that the plaintiff was excused from exhausting administrative remedies where the inmate took reasonable steps to exhaust his claim, but was precluded from exhausting his administrative remedies because of a mistake made by the warden. *Id.* at 1224. The court concluded that the warden's mistake rendered the plaintiff's administrative remedies effectively unavailable. *Id.* at 1226.

In this case, however, plaintiff does not show that he took reasonable steps to exhaust his claims. With his opposition, plaintiff refers to two administrative appeals. First, he submits a copy of an administrative appeal dated "12-17-07." Dckt. No. 110 at 2. The appeal includes plaintiff's complaint that on "12-03-07," he informed Lambert and Noriega that he was raped and was bleeding, and that they refused to provide him with adequate medical care for his injuries. *Id.* Plaintiff states that he submitted this appeal to the CSP-Solano Appeals Coordinator through CSP-Solano Institutional mail, but that he never received a response. *Id.* There is no stamp or marking on the appeal suggesting that it was ever received by the Appeals Coordinator. *See* Dckt. No. 110 at 2. And plaintiff does not indicate whether he took any "reasonable steps" to exhaust the appeal after not receiving a response from the appeal coordinator. *See Nunez*, 591 F.3d at 1226.

Plaintiff also states that he gave prison officials an administrative appeal regarding "being rape[d] by inmate Foster . . ." Dckt. No. 108 at 1. He does not indicate when he submitted this appeal, or whether he received any response to the appeal. Plaintiff just states that "those 602's are already in this federal court poss." Dckt. No. 108 at 1. The court has reviewed the docket in this action and has located only one appeal that references plaintiff's claim of being raped by inmate Foster (aside from the "12-17-07" appeal, discussed above). *See* Dckt. No. 43

5

1 at 3. That appeal, dated "1-20-09," was drafted after plaintiff commenced this action, and thus, 2 could not have exhausted the claims in this lawsuit. *See Rhodes v. Robinson*, 621 F.3d 1002, 3 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the claims 4 contained within his complaint before that complaint is tendered to the district court."). 5 Additionally, the appeal does not mention any need for medical care, and there is no indication 6 that it was ever received or processed by prison officials. Plaintiff fails to explain how an appeal 7 about being sexually assaulted, without more, would have notified prison officials of his claims 8 against defendants for inadequate medical care following the alleged sexual assault. *See Griffin* 9 *v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert 10 the prison to a problem and facilitate its resolution . . . .").

11 According to defendants' evidence, the Appeals Coordinator never received either of the 12 two appeals referenced by plaintiff. *See* Cervantes Decl. ¶¶ 3, 6, Exs. A, B. Plaintiff fails to 13 argue or show how his mere submission of either appeal satisfies the exhaustion requirement in 14 this case.

15 Through their motion, defendants demonstrate that plaintiff had not exhausted his 16 administrative remedies for his claims against Noriega and Lambert. The court finds that 17 plaintiff fails to create any genuine dispute as to whether he exhausted, or should be excused 18 from the exhaustion requirement solely because he never received a response to the two appeals 19 that he claims to have directed to either the Appeals Coordinator or other prison officials. *See* 20 *Lipsey v. Reaume*, No. CV 08-7515-DOC (JEM), 2010 U.S. Dist. LEXIS 89619, at *7 (C.D. Cal. 21 July 23, 2010) ("Plaintiff has not demonstrated that he has taken 'reasonable and appropriate 22 steps' to exhaust administrative procedures. Filing defective informal appeals and failing to file 23 a formal first level appeal, either initially or after his informal appeals were returned or ignored, 24 are not 'reasonable and appropriate steps.'"), *adopted by* 2010 U.S. Dist. LEXIS 89202 (C.D. 25 Cal. Aug. 25, 2010); *Godoy v. Wadsworth*, No. CV 05-02913 NJV, 2010 U.S. Dist. LEXIS 5836, 26 at *17 (N.D. Cal. Jan. 26, 2010) ("The record is not sufficient to excuse exhaustion where

1   Plaintiff hasn't shown that administrative procedures were unavailable, that prison officials
2   obstructed his attempt to exhaust or that he was prevented from exhausting because procedures
3   for processing grievances weren't followed.") (internal quotation marks omitted); *Davis v. Evans*,
4   Case No. C 05-4678 JF (PR), 2008 U.S. Dist. LEXIS 108352, at *4 (N.D. Cal. 2008) (no
5   exhaustion where "Plaintiff admits that after receiving no response from his initial
6   documentation and letter . . . for five months, he simply filed the instant complaint. It is clear at
7   the very least that Plaintiff has not pursued his appeal through the director's level of review.'").
8       Moreover, the court is not persuaded by plaintiff's argument that he has satisfied the
9   exhaustion requirement because defendants were put on notice of his claim on December 3,
10  2007, when he sought medical treatment from them. *See* Dckt. No. 108 at 2-3. Proper
11  exhaustion demands compliance with an agency's deadlines and other critical procedural
12  rules[.]" *Woodford*, 548 U.S. at 90. Generally informing defendants of his claims through
13  means other than CDCR's administrative appeals process, is not sufficient to properly exhaust
14  available administrative remedies.
15      Accordingly, IT IS HEREBY RECOMMENDED that:
16      1. Defendants' December 6, 2011 motion to dismiss for failure to exhaust administrative
17  remedies be granted;
18      2. All outstanding motions be denied;
19      3. This action be dismissed without prejudice; and
20      4. The Clerk be directed to close this case.
21      These findings and recommendations are submitted to the United States District Judge
22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
23  after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties. Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
26  ////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE