1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS GILBERT LAW,

11              Plaintiff,                              No. 2:08-cv-0291 JAM EFB P

12         vs.

13   NORIEGA, et al.,

14              Defendants.                          ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending are the undersigned's findings and recommendations to

18   resolve defendants' December 6, 2011 motion to dismiss for failure to exhaust administrative

19   remedies.  In those findings and recommendations, the undersigned recommends that

20   defendants' motion be granted.  However, in light of recent Ninth Circuit case authority and to

21   ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose

22   defendants' motion, the court must vacate those findings and recommendations, and deny the

23   motion without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the

24   requirements for opposing a motion to dismiss for failure to exhaust.  *See Woods v. Carey*, ___

25   F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The

26   *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* and

1

1    *Wyatt* is to provide such notice *at the time that the relevant motions are filed.*" (emphasis

2    added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state

3    that the court has required that it be given and that it be set forth in a separate document that is

4    served with the moving papers); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal.

5    2003) (requiring *Rand* notice for motions to dismiss for failure to exhaust so that plaintiff has

6    "fair notice of his opportunity to develop a record").[1]

7            Accordingly, IT IS HEREBY ORDERED that:

8            1.  The June 26, 2012 findings and recommendations (Dckt. No. 121) are vacated.

9            2.  Defendants' motion to dismiss (Dckt. No. 106) is denied without prejudice.

10           3.  Within thirty days of the date of this order, defendants may re-file and re-serve their

11   motion to dismiss.  Defendants must contemporaneously serve with the motion, but in a separate

12   document, a copy of the attached "*Wyatt* Notice,"which provides plaintiff with notice of the

13   requirements for opposing a motion for summary judgment.  **Failure to do so may constitute**

14   **grounds for denial of the motion.**

15           4.  If defendants re-serve their motion, plaintiff may thereafter file and serve an amended

16   opposition within thirty days.  If plaintiff fails to file an amended opposition, the court will

17   consider his existing opposition in resolving defendants' motion.

18           5.  If plaintiff files an amended opposition, defendants may thereafter file an amended

19   reply within fourteen days.

20   DATED:  August 10, 2012.

                                            EDMUND F. BRENNAN
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24   _____

25       [1] In an attempt to comply with *Woods*, defendants have filed and served a *Wyatt* notice.
     Dckt. No. 123.  However, as noted above, *Woods* requires that the notice be provided at the time
     the motion is filed. Because over eight months have elapsed since the motion was filed, too
26   much time has elapsed for the current *Wyatt* notice to comply with *Woods*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GILBERT LAW,

              Plaintiff,                 No. 2:08-cv-0291 JAM EFB P

     vs.

NORIEGA, et al.,
                            *WYATT* NOTICE**

              Defendants.

_____/

      The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

      When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

      To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  *See* L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

---

     ** This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal. 2003).